UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**EASTERN DIVISION at ASHLAND**

| | | |
|---|---|---|
| DALE R. LUNSFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 0:13-CV-113-JMH |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social | ) | **MEMORANDUM OPINION & ORDER** |
| Security | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

\*\*\*

This matter is before the Court upon cross-motions for summary judgment [DE 13 and 14] on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits (DIB) and supplemental security income (SSI).[1] The Court, having reviewed the record in this case and the motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence, and, thus, the Court will grant Defendant's motion and deny Plaintiff's motion.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

**I.**

Plaintiff was 47 years of age as of his alleged disability onset date, December 31, 2009. He has a high school level education and worked in the past as a pipefitter, a skilled job with a specific vocational preparation ("SVP") of 7. Plaintiff stopped working in December 2009, and claimed that he could no longer work due to tremors, anxiety, back pain, panic attacks and a heart attack. Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning December 31, 2009.

His claim was initially denied on October 20, 2010, and upon reconsideration on December 15, 2010. On December 21, 2010, he filed a written request for a hearing, which was held on February 29, 2012, at which time he appeared and testified. Anthony T. Michael Jr., a vocational expert, also testified. Hon. Maria Hodges, the Administrative Law Judge ("ALJ"), denied the claim in a written opinion dated March 29, 2012.

The ALJ found Plaintiff had severe impairments of anxiety disorder, depression, right hand tremors, and mild myocarditis. The ALJ then found that Plaintiff's impairments either individually or in combination did not meet or equal a listed impairment. Next, the ALJ determined that Plaintiff had the

residual functional capacity ("RFC") for medium work as defined in 20 C.F.R. § 404.1567(c) except that he could frequently climb ramp/stairs, occasionally climb ladders, ropes or scaffolds, and frequently kneel, stoop, crouch, and crawl. The ALJ further limited Plaintiff's use of his right arm to occasional overhead reaching, frequent gross manipulation, and occasional fine manipulation. The ALJ found Plaintiff had mental limitations such that he could manage frequent contacts with supervisors and coworkers but should avoid interaction with public. Plaintiff was also limited to simple, routine and repetitive tasks, low stress jobs with only occasional changes in work setting, and no production rate jobs.

In reaching that conclusion, the ALJ considered a number of sources and, relevant to the issues on appeal, gave great weight to the 2010 report of agency consultative examiner Emily Skaggs, Psy.D. The ALJ also considered and accorded little weight to the 2012 report of Leigh Ford, Ph.D., who had examined Plaintiff at the request of counsel.

Given Plaintiff's RFC, the ALJ found that Plaintiff could not perform his past relevant work. However, based upon the testimony of the vocational expert in response to a hypothetical based on the RFC, the ALJ found that other work existed in significant numbers that Plaintiff could perform if one took

3

into consideration Plaintiff's age, education, and work experience. Because Plaintiff could perform other work, the ALJ found that Plaintiff was not disabled.

On April 11, 2012, Mr. Lunsford filed a written appeal to the Appeals Council, which subsequently upheld the decision of the ALJ. This case is now ripe for review under 42 U.S.C. § 405(g).

## II.

Pursuant to 42 U.S.C. § 405(g), this Court reviews this administrative decision to determine "whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)) (internal quotation marks omitted). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)) (internal quotation marks omitted). In other words, as long as an administrative decision is supported by "substantial evidence," this Court must affirm, regardless of whether there is evidence in the record to "support a different conclusion." *Lindsley*, 560

F.3d at 604-05 (citing *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)) (internal quotation marks omitted) ("administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion").

**III.**

Plaintiff argues that the ALJ's decision and, thus, the Commissioner's final decision, is not supported by substantial evidence of record because of her reliance on the report of consultative examiner, Emily Skaggs, Psy.D., in formulating the RFC for Plaintiff. [Pl.'s Br., at 8-9.] The Court has considered this argument, the United States' response to it in its Motion for Summary Judgment, and the Administrative Record ("AR") in this matter and concludes that the ALJ properly evaluated Dr. Skaggs' opinion and gave the opinion appropriate weight. Thus, the Commissioner's decision is, in fact, supported by substantial evidence of record, contrary to Plaintiff's argument.

Dr. Skaggs saw Plaintiff on August 4, 2010 to evaluate Plaintiff's mental impairments and noted Plaintiff's complaints of depression, anxiety and panic attacks. [AR at 396-400.] Dr. Skaggs observed that Plaintiff was able to successfully complete mental status tests, including spelling the word "world"

5

backwards and repeating serial 3's backwards from 20. [AR at 398.] Dr. Skaggs observed that Plaintiff's attention to task and concentration appeared normal, he was alert and oriented, and he had no deficits in memory [AR 398.] Plaintiff also had normal eye contact, he was cooperative, his affect was appropriate, and his mood was good [AR at 398.] Plaintiff's thought content was also appropriate, his thought process was logical, his capacity for abstraction was intact, and his judgment and insight were adequate. [AR at 398-99.] To Dr. Skaggs, Plaintiff's coping skills also appeared normal. [AR at 399.]

Dr. Skaggs diagnosed Plaintiff with panic disorder without agoraphobia and depressive disorder, NOS. [AR at 399.] She assigned Plaintiff a Global Assessment of Functioning ("GAF") score of 70. [AR at 400.] Dr. Skaggs opined as to Plaintiff's functional abilities, stating that Plaintiff's ability to understand, remember and carry out instructions for simple repetitive tasks was unaffected; his ability to tolerate stress and pressure of employment was markedly affected; his ability to sustain attention and concentration for simple repetitive tasks was moderately affected; and his ability to respond to supervisors and coworkers was slightly affected. [AR at 400.] The ALJ reviewed Dr. Skaggs' examination and opinion and gave her opinion great weight, explaining that Dr. Skaggs was a

6

specialist; her opinion was supported by objective medical evidence; and her opinion reflected consideration of the entire medical record by a specialist who is familiar with Social Security Regulations. [AR at 16-17.]

The ALJ's reliance on Dr. Skaggs' opinion as a whole was appropriate. Generally, consultative examinations provide additional information needed to determine whether a claimant is disabled. See 20 C.F.R. § 404.1517. The opinions of consultative examiners are evaluated according to 20 C.F.R. § 404.1527(c), which explains that there are several factors that an ALJ may consider when determining the weight to give an opinion. According to 20 C.F.R. § 404.1527(c)(5), an ALJ may give more weight to an opinion of a specialist about medical issues related to her area of specialty. Thus, the ALJ appropriately gave Dr. Skaggs' opinion weight because she was a specialist [AR at 17, 400.] The regulations also specify that an opinion may be given more weight based on whether the physician presents relevant evidence to support an opinion. 20 C.F.R. § 404.1527(c)(3). Dr. Skaggs reported her findings from a mental status examination, and the findings tend to show that Plaintiff retained the mental ability to sustain work activity because Plaintiff demonstrated during the examination that he could follow instructions, his judgment and insight were adequate, he

7

was cooperative, he had normal attention and concentration, and his coping skills were normal. [AR at 398-99.]

Plaintiff argues that the ALJ erred in giving great weight to Dr. Skaggs' opinion because of an alleged internal inconsistency in her opinion. Plaintiff also claims that it was error because Dr. Skaggs did not have what would ultimately be the entire medical record when she gave her opinion in 2010 because no hearing was conducted in this matter until March 2012 and, in the meantime, Plaintiff had been evaluated by Leigh Ann Ford, Ph.D. [Pl.'s Br. at 8-9.] The Commissioner concedes in her brief that, while these factors may weigh against Dr. Skaggs' opinion, other factors as discussed above weigh in favor of the weight given to Dr. Skagg's opinion. The ALJ has the duty to weigh the evidence, and given that some factors weigh in favor of her opinion, the ALJ was entitled to rely on the opinion. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (rejecting the claimant's argument that substantial evidence contradicted the Commissioner's findings as a reason for remand where substantial evidence also supported the Commissioner's findings).

Further, the Court is not persuaded that Plaintiff has identified a meaningful internal inconsistency in Dr. Skaggs' opinion simply because she assigned Plaintiff a GAF score of 70

yet opined that Plaintiff had moderate and marked limitations in some areas. [Pl.'s Br. at 8-9.] A GAF score of 70 represents mild symptoms or some difficulty in social, occupational, or school functioning, but – by definition – offers a conclusion that the individual is generally functioning pretty well. See Diagnostic and Statistical Manual of Mental Disorders, at 34. The GAF score Dr. Skaggs assigned acknowledges that Plaintiff may have "some difficulty" with occupational functioning, i.e., that Plaintiff has moderate or marked limitations in two areas, but it is not necessarily inconsistent with her overall functional capacities evaluation, in large part, because she also opined that Plaintiff had no limitations or only slight limitations in the other areas considered.[2] [AR at 400.] Without something more to support Plaintiff's contention of an internal inconsistency, the Court cannot conclude that the ALJ erred in

---

[2] The Court notes, as well, that it is in keeping with the GAF of 65-70 assessed by Dr. Fetter, a psychiatrist to whom Lunsford was referred during treatment at Veterans Affairs facilities during assessments made in April 2011 and February 2012. [AR at 455-7; 473-5.] It is a greater assessment of functioning, however, from those borderline ranges obtained during assessments on September 7, 2009 (GAF of 42), by Dr. Stephen Greenberg during a psychiatric admission from an emergency room visit and on January 9, 2012 (GAF of 55), by Leigh Ann Ford, Ph. D., during a mental status examination obtained for the purposes of Plaintiff's application for benefits which is now the subject of this appeal. [AR 339-40; 433-4.]

relying on the assessment performed by this examining agency psychologist because it was somehow flawed.

Finally, the Court disagrees with Plaintiff's argument that the ALJ erred in stating that Dr. Skaggs' opinion was based on objective evidence. [Pl.'s Br. at 9.]  As explained above, Dr. Skaggs completed a mental status examination and reported her findings -- findings which support her opinion.  [AR at 398-99.]

Ultimately, while Plaintiff disagrees with the result, substantial evidence supports the ALJ's determination that Plaintiff has the mental RFC to sustain work activity.  The ALJ relied upon the testimony of a vocational expert concerning the significant number of jobs that Plaintiff could perform when a hypothetical based upon that RFC was presented.  Thus, the vocational expert's testimony provides substantial evidence to support the ALJ's decision that Plaintiff is not disabled.

Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 13] is **DENIED** and

(2) that Defendant's Motion for Summary Judgment [DE 14] is **GRANTED.**

This the 26th day of September, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge